IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KENNETH WHITE, §
        Petitioner, §
§
v. §
§ Civil Action No. 4:06-CV-570-A
NATHANIEL QUARTERMAN, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
        Respondent §

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Kenneth White, TDCJ-ID #1251524, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

White was charged by indictment with aggravated assault with a deadly weapon, to wit; a

firearm (count one) and aggravated assault with a deadly weapon, to wit; a motor vehicle (count two) in Case No. 0910576D in the 213th District Court of Tarrant Count, Texas. (Clerk's R. at 2.) The indictment also included a repeat offender notice, alleging a prior felony conviction for manslaughter in 1986 in the Sixth Judicial District Court, Parish of East Carroll, Louisiana. (*Id.*) On July 28, 2004, a jury found White guilty of count one, not guilty of count two, and true to the repeat offender allegation. (*Id.* at 49, 53.) On July 29, 2004, the jury assessed his punishment at seventy-five years' confinement and a $10,000 fine. (*Id.* at 63.) The Second District Court of Appeals of Texas affirmed the trial court's judgment on August 31, 2005. *White v. Texas*, No. 2-04-350-CR, slip op. (Tex. App.–Fort Worth Aug. 31, 2005) (not designated for publication). Although White apparently sought an extension of time to file a petition for discretionary review in the Texas Court of Criminal Appeals, he did not do so, as verified through the court's website, *available at* http://www.cca.courts.state.tx.us. *White v. Texas*, PDR No. 1383-05.

White filed two state applications for habeas corpus relief. The first was dismissed because White's direct appeal was still pending when the application was filed. *Ex parte White*, State Habeas Application No. 63,781-01, at 48. The second, raising one or more of the claims presented herein, was denied without written order by the Texas Court of Criminal Appeals on May 31, 2006. *Ex parte White*, State Habeas Application No. WR-63,781-02. This petition was filed on August 14, 2006. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

Diane Sanders testified at trial that she was dating White during the relevant time period. (Reporter's R., vol. 3, at 11-12.) On the night in question, White drove Sanders and her then 7-year-old daughter, Te'Ara, to Cobb Park in Fort Worth and parked under a bridge. (*Id.* at 14-15.) White got out and walked to the back of the car. (*Id.* at 14-16.) He returned to the driver's side window

and pointed a sawed-off shotgun at Sanders's face and ordered her out of the car. (*Id.* at 15-17, 36.)[1]
Te'Ara began to cry and scream, and White told Sanders to shut Te'Ara up or he would shoot them both. (*Id.* at 15.) Outside of the car, White accused Sanders of "messing with" Te'Ara's father and hit her with the gun on the back and arm. (*Id.* at 18, 25-28, 38.) As another car approached, White told the two to get back in the car. (*Id.* at 18.) White drove away slowly, and Sanders opened the passenger side door to get out but changed her mind. (*Id.* at 18-19.) White pushed her, and, as she was hanging out of the car, her leg and foot were dragged. (*Id.* at 18-19, 41-43.) White stopped the car, walked over to the passenger side, and put Sanders back in the car. (*Id.* at 19.) White then drove the two to his house, where he held the two hostage until the next morning. (*Id.* at 20-25.) Sanders gave two written statements to the police of the events of that evening. (Reporter's R., vol. 5, Exhibits 3 & 4.) Te'Ara's testimony coincided with Sanders's regarding the events that took place. (Reporter's R., vol. 3, at 57-59.)

D. ISSUES

White raises six grounds for relief. He claims (1) the evidence was legally and factually insufficient to support his conviction (ground one), (2) he received ineffective assistance of counsel at trial and on appeal (grounds two and five), (3) the trial court abused its discretion in denying his motion for instructed verdict (ground three), (4) the state presented no evidence or insufficient evidence to support an enhanced punishment (ground four), and (5) the state court of appeals abused its discretion in refusing to consider his pro se appellate brief (ground six). (Petition at 7-8.)

E. RULE 5 STATEMENT

Quarterman asserts that White has sufficiently exhausted his state remedies as to his claims,

---

[1] Pages 13-16 of volume 3 of the reporter's record have been omitted from the record.

except for his first and fifth claims, as enumerated above. (Resp's Answer at 9-11, 20.)

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure in a procedurally proper manner. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005); *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Because White did not file a petition for discretionary review, it was necessary that he raise the claims presented herein in his second state habeas application.

In that application, White raised eight grounds for habeas relief. *Ex parte White*, State Habeas Application No. WR-63,781-02, at 7-10. White did not specifically raise a sufficiency-of-the-evidence claim, however, he did raise the issue couched in terms of an ineffective assistance claim and he raised his claim that the trial court erred by denying his motion for instructed verdict. Under state law, such a motion is treated as a challenge to the sufficiency of the evidence. *See McDuff v. Texas*, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997). Thus, although a factual sufficiency claim is not cognizable on federal habeas review, for purposes of this proceeding White's legal

4

sufficiency claim is sufficiently exhausted and is addressed below. *See Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002); *West v. Johnson*, 92 F.3d 1385, 1394 (5th Cir. 1996); *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993).

White's fifth claim was not raised, tangentially or otherwise, in his state habeas application; thus, the claim is unexhausted. Under the Texas abuse-of-the-writ doctrine, however, White cannot now return to state court for purposes of exhausting the claim. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4. The abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review. *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, White's fifth claim is procedurally barred from this court's review.[2] *See Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir. 2000).

## F. DISCUSSION

### 1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the

---

[2]Even if White had exhausted state remedies as to the claim, the law is well settled that while an accused in a criminal matter may conduct his case pro se or by counsel, he has no right to a hybrid representation, partly by himself and partly by counsel. *See Neal v. State*, 870 F.2d 312, 315-16 (5th Cir .1989); *Rudd v. State*, 616 S.W.2d 623, 625 (Tex. Crim. App. 1981). Because White's appellate attorney filed a brief on appeal, White was not entitled to file a pro se supplemental brief and the appellate court was not required to consider it.

facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

The Act further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). Factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, as here, it is an adjudication on the merits, which is entitled to this presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## 2. Discussion

White claims that the evidence was legally insufficient to prove he used a firearm during commission of the offense, that his trial counsel was ineffective by failing to object to the indictment and jury charge alleging use of a firearm because there was no evidence or conflicting evidence

6

describing the gun, and that his appellate counsel was ineffective by failing to raise his sufficiency-of-the-evidence claim on appeal. (Petition at 7-8; Pet'r Reply Brief at 3-10.) According to White, the evidence at trial indicated the object he pointed at Sanders and her daughter could have been a revolver, a sawed-off shotgun, or merely something wrapped in black tape. (Petition at 7; Pet'r Reply Brief at 7-9.)

The same judge who presided over White's trial conducted the state habeas proceedings and entered findings and conclusions of law refuting White's claims. *Ex parte White*, State Habeas Application No. WR-63,781-02, at 71-74. In his pleadings, White makes no reference to the state court's findings and makes no effort to rebut the presumptive correctness of the findings. *See* 28 U.S.C. § 2254(d)(1); *Bell*, 535 U.S. at 698-99; *Haynes*, 298 F.3d at 379-82. Nor does an independent review of the state court records reveal clear and convincing evidence that would rebut the presumption of correctness. Without substantiation in the record, a federal court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative evidentiary value. *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

The state habeas court found that White had presented no evidence, caselaw or credible authority to support his sufficiency-of-the-evidence claim or that the claim was supported by the record. *Ex parte White*, State Habeas No. WR-63,781-02, at 71. White has not rebutted the state court's adjudication of the issue. Moreover, in challenges to state convictions under 28 U.S.C. § 2254, the standard set out in *Jackson v. Virginia*, 443 U.S. 307-318-19 (1979), applies to a sufficiency-of-the-evidence claim. *See Schrader v. Whitley*, 904 F.2d 282, 284 (5th Cir. 1990). Under this standard, a federal court must consider whether, viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the existence of facts

7

necessary to establish the essential elements of the offense beyond a reasonable doubt. *Id.*

Assuming the jury believed the testimony of Sanders and Te'Ara, the evidence that White used or exhibited some kind of firearm during commission of the offense is overwhelming. Thus, White's claim is frivolous. Counsel it not required to raise frivolous objections at trial or points for presentation on appeal. *See Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995); *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990); *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984).

White claims the trial court abused its discretion by denying his motion for instructed verdict at the close of the state's case. (Petition at 7.) As previously noted, under Texas law, such a motion is treated as a challenge to the sufficiency of the evidence. *See McDuff*, 939 S.W.2d at 613. In light of the discussion above, this claim is frivolous.

White claims that the state failed to present sufficient evidence to support an enhanced punishment and that the trial court abused its discretion by admitting evidence of the 1986 Louisiana judgment and conviction into evidence with no judgment and sentence contained in the pen packet, as required by Texas law, or fingerprints to connect him to the conviction. (Petition at 7; Reporter's R., vol. 5, at 2-13.) Instead, the state produced caselaw setting out the requirements under Louisiana law for establishing the existence of a defendant's prior criminal record, and the trial court found that the pen packet met the requirements of Louisiana law, of which it took judicial notice. (Reporter's R., vol. 5, at 12.) In addition, the state called White's state parole officer to establish the fact that White was the same person previously convicted for manslaughter in Louisiana. (*Id.* at 14-28.)

The *Jackson* standard also applies when reviewing the sufficiency of the evidence to support

8

an enhanced punishment. Thus, the relevant question is whether, after viewing the evidence in light most favorable to prosecution, any rational trier of fact could have found beyond a reasonable doubt facts necessary to support an enhanced punishment. *See McGee v. Estelle*, 732 F.2d 447, 451 (5th Cir. 1984).

The state courts determined that the documents, and attestations therein, included in the Louisiana pen packet were sufficient to establish White's prior felony conviction. *White v. Texas*, No. 2-04-350-CR, slip op. at 5-15. In the absence of clear and convincing evidence in rebuttal–i.e., evidence to overcome the presumption of regularity that attends final judgments, the state court's determination of theissue is presumed correct. *See Parke v. Raley*, 506 U.S. 20, 29 (1992). The Louisiana pen packet, in conjunction with the witness testimony that White was the same person described in the pen packet, provided legally sufficient evidence to support the enhancement of White's sentence.

White has failed to prove that he has been denied a constitutionally protected interest. The state courts' determination that White was not entitled to relief does not appear to be contrary to, or involve an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## II. RECOMMENDATION

White's petition for writ of habeas corpus should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's

proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 6, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 6, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 16, 2007.

      /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE