

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KENNETH WHITE, §
 §
    Petitioner, §
 §
VS. § NO. 4:06-CV-570-A
 §
NATHANIEL QUARTERMAN, §
DIRECTOR, TEXAS DEPARTMENT §
OF CRIMINAL JUSTICE, §
CORRECTIONAL INSTITUTIONS §
DIVISION, §
 §
    Respondent. §

O R D E R

    Came on for consideration the above-captioned action wherein Kenneth White is petitioner and Nathaniel Quarterman, Director, T.D.C.J., Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On August 16, 2007, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that White file objections, if any thereto, by September 6, 2007. By order signed August 28, 2007, the court extended White's time for response until September 26, 2007. White timely filed his objections.

    In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a de novo determination of those portions of the proposed findings, conclusions, and recommendation to which specific objection is made. United States v. Raddatz, 447 U.S. 667, 673-75 (1980). The court need not address any nonspecific, frivolous, or

conclusory objections.  Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

The Magistrate Judge recommends that White's petition be denied. As categorized by the Magistrate Judge, White asserts five grounds for relief in his petition: (1) the evidence was legally and factually insufficient to support his conviction; (2) he received ineffective assistance of counsel at trial and on appeal; (3) the trial court abused its discretion in denying his motion for instructed verdict; (4) the state presented no evidence or insufficient evidence to support an enhanced punishment; and (5) the state court of appeals abused its discretion in refusing to consider his pro se appellate brief. As the Magistrate Judge discusses at length, White is not entitled to relief on any of his claims, one of which (factual sufficiency of the evidence) is not cognizable on federal habeas review, and one of which (White's his fifth ground) is procedurally barred.

In his objections, White seems to agree with the Magistrate Judge that some of the grounds for relief he asserts are not properly raised since he did not exhaust his state remedies. White then goes on to "direct the court[] to the core issues of his application." Objs. at 2. In so doing, White does not specifically object to the Magistrate Judge's findings; rather, he just rehashes his grounds for relief. The court need not address such nonspecific objections. See Battle, 834 F.2d at 421. The court accepts the findings, conclusions, and

2

recommendation of the United States Magistrate Judge, since White has not made any specific objection thereto.

Therefore,

The court accepts the findings, conclusions and recommendation of the Magistrate Judge, and ORDERS that the petition of Kenneth White for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

The court further ORDERS that petitioner's motion for discovery, filed October 3, 2007, be, and is hereby, denied.[1]

SIGNED October 30, 2007.

JOHN McBRYDE
United States District Judge

---

[1] Pursuant to 28 U.S.C. § 2250, the court can order the clerk of the court "to furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office" when a petitioner is prosecuting his habeas corpus application in forma pauperis. Petitioner paid the $5.00 filing fee in lieu of applying to proceed in forma pauperis. Thus the court does not have the authority under § 2250 to order the clerk to provide petitioner the transcripts he seeks.